ome (http://www.miami-dadeclerk.com/home.asp)
nline Services (http://www.miami-dadeclerk.com/online_services.asp)
bout Us (http://www.miami-dadeclerk.com/about.asp)
ontact Us (http://www.miami-dadeclerk.com/contact.asp)
y Account (https://www2.miami-dadeclerk.com/PremierServices/login.aspx)

HARVEY RUVIN
CLERK of the COURTS
MIAMI-DADE COUNTY, FLORIDA

# Miami-Dade County Civil, Family and Probate Courts Online System

Back to Results

MICHAEL MARKS VS NAVIENT SOLUTIONS, INC. ET AL

**Local Case Number:** 2016-011434-SP-05

**Filing Date:** 06/17/2016

**State Case Number:** 132016SC011434000005

**Case Type:** SP Other Negligence (Up to $5,000)

**Consolidated Case No.:** N/A

**Judicial Section:** CC08

**Case Status:** OPEN

## Parties

**Number of Parties: 3**

| Party Description | Party Name | Attorney Information | Other Attorney(s) |
|---|---|---|---|
| Plaintiff | Marks, Michael | ***B#: (Bar Number)64500***<br>*N: (Attorney Name)Chad T. Van Horn* | |

EXHIBIT A

| | |
|---|---|
| Defendant | Navient Solutions, Inc. |
| Defendant | Phoenix Financial Services, LLC |

## Hearing Details

Number of Hearing: 1

| Hearing Date | Hearing Time | Hearing Code | Description |
|---|---|---|---|
| 08/03/2016 | 10:30AM | SPPTC | Small Claims Pre-Trial Conference |

## Dockets

Dockets Retrieved: 8

| Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|
| 08/03/2016 | | Small Claims Pre-Trial Conference | Hearing | |
| 07/25/2016 | | SP Pre Trial Summons Issued | Service | |
| 07/25/2016 | | Pre Trial Summons | Event | *Parties: Navient Solutions Inc.; Phoenix Financial Services LLC* |
| 07/25/2016 | | SP Pretrial Date | Event | |
| 07/25/2016 | | Receipt: | Event | **RECEIPT#:2950007 AMT PAID:$12.00 ALLOCATION CODE QUANTITY UNIT AMOUNT 2139-SUMMONS ISSUE FEE 1 $10.00 $10.00 2120-COPY 2 $1.00 $2.00 TENDER TYPE:VISA CARD TENDER AMT:$24.00 RECEIPT DATE:07/25/2016 REGISTER#:295** |
| 07/25/2016 | | Receipt: | Event | **RECEIPT#:2950008 AMT PAID:$12.00 ALLOCATION CODE QUANTITY UNIT AMOUNT 2139-SUMMONS ISSUE FEE 1 $10.00 $10.00 2120-COPY 2 $1.00 $2.00 TENDER TYPE:VISA** |

EXHIBIT A

| | | | | |
|---|---|---|---|---|
| | | | | **CARD TENDER AMT:$24.00 RECEIPT DATE:07/25/2016 REGISTER#:295** |
| | 06/29/2016 | Receipt: | Event | **RECEIPT#:3600032 AMT PAID:$300.00 NAME:CHAD T. VAN HORN 330 N ANDREWS AV S450 FORT LAUDERDALE FL 33301 ALLOCATION CODE QUANTITY UNIT AMOUNT 2100-COUNTY FILING FEE 1 $300.00 $300.00 TENDER TYPE:E-FILING ACH TENDER AMT:$300.00 RECEIPT** |
| | 06/17/2016 | Statement of Claim | Event | |

Back to Results

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services (https://www2.miami-dadeclerk.com/Developers). To review the complete Miami-Dade County Disclaimer, follow this link: http://www.miamidade.gov/info/disclaimer.asp (http://www.miamidade.gov/info/disclaimer.asp)


2015 Clerk of the Courts. All Rights reserved.

S0142977

EXHIBIT A

**IN THE COUNTY COURT OF THE 11TH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE, FLORIDA
CIVIL DIVISION**

MICHAEL MARKS,

Plaintiff, Case No.:

v.

NAVIENT SOLUTIONS, INC., and
PHOENIX FINANCIAL SERVICES, LLC,

Defendants.
_____________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, MICHAEL MARKS, alleges violation of the Florida Consumer Collection Practices Act § 559.55 *et seq.* ("FCCPA") against Navient Solutions, Inc. ("Navient"), and violation of the FCCPA and the Fair Debt Collection Practices Act 15 U.S.C. § 1691 *et seq.* ("FDCPA") against Phoenix Financial Services, LLC ("Phoenix") (together "Defendants") for deceptive and illegal debt collection practices. Plaintiff demands damages within the jurisdictional limits of this Court.

1. The Florida legislature prohibits a person from contacting a debtor with respect to a debt when that person knows the debtor is represented by counsel. *See* Fla. Stat. Stat. § 559.72(18).

2. After receiving specific correspondence from the Plaintiff's counsel advising Navient to cease any and all communication directly with the Plaintiff, Navient should have immediately ceased attempting to communicate with the Plaintiff. Instead, Navient ignored this specific instruction and acted jointly and in concert with Phoenix communicating with the Plaintiff and attempting to collect an alleged debt. This conduct is a violation of the FDCPA and FCCPA. *Welch v. Green Tree Servicing, LLC (In re Runyan)*, 530 B.R. 801, 809 (Bankr. M.D.

Fla. 2015) ("An attorney's most significant responsibility is to safeguard his client's interests. To deny an attorney the opportunity by contacting his client directly is unacceptable. And the FCCPA [and FDCPA] surely recognizes that.").

3. Defendants must be held accountable for their actions because they knowingly violated the FCCPA and FDCPA when they continued to contact the Plaintiff with actual knowledge he was represented by counsel.

**PARTIES**

4. Plaintiff is a natural person and a resident of Miami-Dade County, Florida.

5. Navient is a foreign for-profit corporation with its principal address at 2001 Edmund Halley Dr., Reston, VA 20191.

6. Phoenix is a foreign limited liability company with its principal address at 8902 Otis Ave., Suite 103A, Indianapolis, IN 46216.

**JURISDICTION AND VENUE**

7. Jurisdiction of this Court arises under the FCCPA, Fla. Stat. § 559.55 *et seq.* This Court also has personal jurisdiction because Defendants conduct business in Florida and their voluntary contact with Plaintiff for collection of the alleged debt in Florida made it foreseeable that Defendants would be haled into a Florida Court. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

8. Venue is proper because the alleged acts and transactions complained of occurred here; the Defendants transact and/or conduct business here; and Defendants illegally attempted to collect a debt from Plaintiff within this venue.

**APPLICABLE LAW**

**The Florida Consumer Collection Practices Act**

9. The Florida Supreme Court liberally construes public protection statutes in favor of the public. Samara Dev. Corp. v. Marlow, 556 So. 2d 1097, 1100 (Fla. 1990).

10. Pursuant to the FCCPA § 559.552 "nothing in this part shall be continued to limit or restrict the applicability of the Fair Debt Collection Practices Act to consumer collection practices in this state. This part is in addition to the requirements and regulations of the federal act. In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer shall prevail."

11. The FCCPA prohibits debt collectors from engaging in certain abusive practices in the collection of consumer debts. See generally Fla. Stat. § 559.72.

12. The purpose of the FCCPA is to eradicate abusive collection practices and "provide the consumer with the most protection possible." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 (11th Cir.2010); *In re Runyan*, 530 B.R. 801, 808 (Bankr. M.D. Fla. 2015).

13. Specifically, the FCCPA states that no person shall "[c]ommunicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication." Fla. Stat. § 559.72(18).

14. The FCCPA creates a private right of action under Fla. Stat. § 559.77. The FCCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." Id. § 559.55(8).The FCCPA mandates that "no person" shall engage in certain practices in collecting consumer debt. *Id.* § 559.72. This language includes all allegedly unlawful attempts at

collecting consumer claims. *Williams v. Streeps Music Co*., 333 So. 2d 65, 67 (Fla. Dist. Ct. App. 1976).

15. The FCCPA defines “debt” as “any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.” *Id*. § 559.55(6).

**The Fair Debt Collection Practices Act**

16. The purpose of the FDCPA is “to eliminate abusive debt collection practices … and to promote consistent State action to protect consumers against debt collection abuses.” 15 U.S.C. § 1692.

17. The FDCPA prohibits debt collectors from communicating with a debtor “after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any person other than that attorney, unless the attorney fails to respond within a reasonable period of time to communication from the debt collector.” 15 U.S.C. § 1692b(6).

18. The FDCPA creates a private right of action under 15 U.S.C. § 1692K.

19. The FDCPA defines “debt collector” as “any person who uses … any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect … debt owed … or asserted to be owed or due another.” Id. § 1692a(6).

20. The FDCPA defines communication as the “conveying of information regarding a debt directly or indirectly to any person through any medium.” Id. § 1692a(2).

21. The FDCPA defines “debt” as “any obligation or alleged obligation of a consumer to pay money arising out of a transaction … [that] are primarily for personal, family, or household purposes.” Id. § 1692a(5).

**FACTUAL ALLEGATIONS**

22. Plaintiff has a student loan with Sallie Mae that is serviced by Navient.

23. Sometime before April 15, 2016, the Plaintiff defaulted on his student loan.

24. Plaintiff then retained counsel to represent him concerning the default of his student loan.

25. On or about April 13, 2016, Counsel for the Plaintiff sent Navient notice of the Plaintiff’s representation and requested that all further communication with the Plaintiff cease. See Exhibit “A.”

26. On or about April 15, 2016, United Student Aid Funds, Inc. (“United”), sent the Plaintiff a letter, on behalf of Navient, advising that it had purchased and taken assignment of the Plaintiff’s student loan. See Exhibit “B.”

27. The letter advised that if Plaintiff wished to dispute the default status of his loan, he must contact Navient.

28. In a letter sent to Plaintiff on April 22, 2016, Navient confirmed it received notification that Plaintiff was represented by counsel. See Exhibit “C.”

29. After the Plaintiff’s student loan went into default, and it remained the servicer of the student loan, Navient had a responsibility to notify all parties acting on its behalf that Plaintiff was represented by counsel.

30. Upon information and belief, Navient complied with its responsibility and notified Phoenix that Plaintiff was represented by counsel.

31. Nonetheless, Phoenix sent a letter directly to Plaintiff on or about May 2, 2016, on behalf of Navient, demanding that he pay the $99,414.85, representing the alleged past due balance of his student loan.

32. Defendants have acted jointly and in concert attempting to collect an alleged debt from the Plaintiff and communicating directly with him.

33. Defendants knew the Plaintiff was represented by counsel, yet they attempted to communicate directly with him in violation of the FCCPA and FDCPA.

**COUNT I AS TO NAVIENT'S VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT § 559.72 (18)**

34. Plaintiff is a "consumer" as defined by Florida Statute § 559.55(8) because she is a natural person allegedly obligated to pay a debt for a student loan.

35. Navient is a "person" as defined under the FCCPA because it attempted to collect a consumer debt from Plaintiff.

36. Navient attempted to collect a "consumer debt" from Plaintiff as defined by Florida Statute § 559.55(6) because Plaintiff was allegedly obligated to pay a debt provided for personal, family, or household purposes.

37. Navient indirectly communicated with the Plaintiff concerning a debt as defined by Florida Statute § 559.55(6) when Phoenix sent a letter directly to Plaintiff demanding payment for a debt after receiving actual knowledge that he was represented by counsel. Fla. Stat. § 559.72(18).

38. "'Communication" means the conveying of information regarding a debt ***directly or indirectly*** to any person through any medium."' (emphasis added); Fla. Stat. § 559.55(2).

39. Navient's act of illegally communicating with the Plaintiff, through Phoenix, constitutes a knowing violation of § 559.72(18) of the FCCPA.

40. As a result of its FCCPA violation, Plaintiff suffered substantial damage, including but not limited to financial damage incurred from Navient's illegal billing practices.

41. Because of the above violation of the FCCPA, Navient is liable to Plaintiff for actual damages, and statutory damages of $1,000.00 per named Defendant found liable, together with attorney's fees and all costs of Plaintiff's representation. *See* § 559.77(2).

**COUNT II AS TO PHOENIX'S VIOLATION OF THE FLOIRDA CONSUMER COLLECTION PRACTICES ACT § 559.72 (18)**

42. Plaintiff is a "consumer" as defined by Florida Statute § 559.55(8) because he is a natural person allegedly obligated to pay a debt for medical care.

43. Phoenix is a "debt collector" as defined by Florida Statute § 559.55(7) because it mailed a bill to the Plaintiff attempting to collect a consumer debt on behalf of Navient. The principal purpose of Phoenix's business is the collection of debts and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

44. Phoenix is also a "person" as defined under the FCCPA because it attempted to collect a consumer debt from Plaintiff.

45. Phoenix attempted to collect a "consumer debt" from Plaintiff as defined by Florida Statute § 559.55(6) because Plaintiff was allegedly obligated to pay a debt provided for personal, family, or household purposes.

46. Phoenix communicated directly with the Plaintiff concerning a consumer debt as defined by Florida Statute § 559.55(6) when it sent a bill directly to Plaintiff demanding payment for a debt after receiving actual knowledge from Navient that he was represented by counsel. Fla. Stat. § 559.72(18).

47. "“Communication” means the conveying of information regarding a debt directly or indirectly to any person through any medium.”' Fla. Stat. § 559.55(2).

48. Phoneix's act of illegally communicating directly with the Plaintiff constitutes a knowing violation of § 559.72(18) of the FCCPA.

49. As a result of its FCCPA violation, Plaintiff suffered substantial damage, including but not limited to financial damage incurred from Phoenix's illegal billing practices.

50. Because of the above violation of the FCCPA, Phoenix is liable to Plaintiff for actual damages, and statutory damages of $1,000.00 per named Defendant found liable, together with attorney's fees and all costs of Plaintiff's representation. *See* § 559.77(2).

**COUNT III AS TO PHOENIX'S VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT § 1692b(6)**

51. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because he is a natural person allegedly obligated to pay a debt for medical care.

52. Phoenix is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because it uses the United States mail in the business the principal purpose of which is the collection of debt owed or asserted to be owed or due another.

53. Phoenix attempted to collect a debt as defined by 15 U.S.C. § 1692a(5) because Plaintiff was allegedly obligated to pay a debt provided for personal, family, or household purposes.

54. Phoenix violated the FDCPA when it communicated with the Plaintiff as defined by 15 U.S.C. 1692a(2) concerning a consumer debt after it received actual knowledge the Plaintiff was represented by counsel.

55. "“[C]ommunication” means the conveying of information regarding a debt directly or indirectly to any person through any medium.”'

56. As a result of its FDCPA violations, Plaintiff suffered substantial damage, including but not limited to financial damage incurred from Phoenix's illegal billing practices.

57. As a result of the above violation of the FDCPA, Phoenix is liable to Plaintiff for actual damages and statutory damages of $1,000.00 per named Defendant found liable, together with attorney's fees and all costs of Plaintiff's representation. 15 U.S.C. § 1692k *et seq.*

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against all Defendant(s) for all of the following:

A. Actual damages;

B. Statutory damages pursuant to Fla. Stat. § 559.77(2);

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Reasonable Attorneys' fees pursuant to Fla. Stat. § 559.77(2);

E. Reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

F. Such other and further relief as the Court may deem to be just and proper.

Plaintiff respectfully demands trial by jury in this action.

Dated: June 17, 2016

Respectfully submitted,

/s/ Chad T. Van Horn
Chad T. Van Horn, Esq.
Florida Bar No: 64500
chad@cvhlawgroup.com
Van Horn Law Group, P.A.
330 N. Andrews Ave, Suite 450
Ft. Lauderdale, FL 33301
Phone: (954) 765-3166
Fax: (954) 756-7103

# EXHIBIT “A”

THE LAW OFFICES OF

# VAN HORN LAW GROUP P.A.

330 N. ANDREWS AVE. SUITE 450
FORT LAUDERDALE, FL 33301
Tel: (954) 765-3166
Fax: (954)756-7103

Navient Solutions, Inc.
P.O. Box 9570
Wilkes Barre, PA 18773-9570

April 13th, 2016

Re: Cease & Desist - Account Number [redacted]

To whom this may concern,

This will serve as your legal notice pursuant to the Fair Debt Collection Practices Act, 15 U.S.C § 1692, to cease and desist all further communication with Michael Marks in regards to the above referenced debt or debts.

Mr. Marks has decided not to work with your collection agency or any other collection agency under any circumstances. Our office will contact the original creditor directly in order to resolve this matter. By sending this letter it is our intention to stop all your calls and collection activity from this day forth.

Mr. Marks also reserves the right to file suit against you for any further violations of this law. Please give this very important matter the utmost attention. If you have any questions please contact our office and ask to speak to the paralegal assigned to this case Mr. Christopher Pabon.

Van Horn Law Group P.A.
Chris@cvhlawgroup.com
(954) 765-3166
330 N. Andrews Ave., Suite #450
Fort Lauderdale, FL 33301

Thank you for your immediate attention to this matter.

Regards,

Christopher Pabon

EXHIBIT A

## Limited Power Of Attorney

I, Michael Marks, hereby duly authorize, empower and appoint Van Horn Law Group P.A., (VHLG) its agents and representatives permission to perform any acts necessary or convenient, including but not limited to the following on my behalf:

To communicate with any and all of my Federal Student Loan providers to consolidate my student loans.

To communicate with banks, creditors, financial institutions, licensed collection agencies and all other related entities and individuals relating to my Federal Student Loans, including but not limited to the balance of my account, payment history verification of the account and any and all necessary communication, correspondence, and negotiations regarding my account(s).

I assert that all of the information that I have provided and will provide and will provide VHLG is true and accurate.

I hereby authorize third party communication from banks, creditors, financial institutions, license collection agencies, and all other related entities and individuals relating to my Federal Student Loans to communicate directly with (VHLG) concerning my account or the collection activates associated with it, in accordance with section 805(b) of the Fair Debt Collection Practices Act.

I further request that all of my lenders direct all further telephone calls to: 954-765-3166 and correspondence to:

Van Horn Law Group P.A.
330 N. Andrews Ave. Suite 450
Fort Lauderdale, FL 33301

Any and all communications directed to me will be referred to VHLG and only VHLG is authorized to speak with your company and/or its representatives. I agree that electronic or facsimile copy signature shall be deemed original and is and authorization by me for all lawfully enforceable purpose. This limited Power of Attorney shall remain in force until or unless modified or rescinded in writing, or upon Resolution of the current matter.

[signature]

CLIENT NAME

EXHIBIT A

# EXHIBIT "B"

USA FUNDS
C/O NAVIENT POST CLAIM ASSISTANCE MC E2142
P.O. BOX 9460
WILKES-BARRE, PA 18773-9460
loansolutions.usafunds.org

00019340 000091 000211 1/4 000000 3688823 433-440

MICHAEL E MARKS
[redacted]

APRIL 15, 2016
ACCOUNT NO: [redacted]

Lender: SALLIE MAE BANK
School(s) for which loan(s) were made:
CONSOLIDATION LOAN ACCOUNT
Interest Rate(s):
9.00 %
Interest Type(s): FIXED
Default Purchase Date : APRIL 15, 2016

Dear Michael E Marks:

United Student Aid Funds (USA Funds) purchased and has taken assignment of your Federal Family Education Loan Program (FFELP) loan(s) after a default claim was filed by the above referenced lender. The amount purchased includes an outstanding principal balance of $90,355.55 and an accrued interest balance of $9,059.30. The accrued interest was capitalized (added to the principal amount as permitted by federal regulations) resulting in a new principal balance of $99,414.85. You must immediately begin repaying this loan.

**Please Note: You have until June 14, 2016 (60 days from the date of this letter)** to enter into a satisfactory repayment agreement or to pay your balance in full; otherwise, collection charges will be assessed up to 24.34% of your outstanding principal and interest balance, pursuant to federal regulation 34 CFR 682.410(b)(2). If you successfully enter a repayment agreement, but you do not fully honor the terms of that agreement, collection charges may be assessed. Collection charges are not a fixed amount and may change as a result of interest accrual, receipt of payments, or an adjustment to the amount of collection charges.

USA Funds, as the guarantor of your defaulted student loan(s), may report the loan default to national consumer reporting agencies to the detriment of your credit rating, pursuant to federal regulation 34 CFR 682.410(b)(5)(vi)(F). USA Funds will not report the default to the national consumer reporting agencies if you enter into a satisfactory repayment agreement or pay your balance in full within 60 days of the date of this letter. If you fail to fully honor the terms of the repayment agreement, USA Funds will report the default to the national consumer reporting agencies. Once the default is reported, account level information will be updated monthly to reflect status changes.

Your account is serviced by the collection agency listed below. Please contact the collection agency to arrange for the repayment of this debt.

INTERNAL PM LOCATION
P. O. BOX 7167
INDIANAPOLIS IN 46207
(800) 331-2314

EXHIBIT A

You must make all payment arrangements through the collection contractor listed above. Neither Navient nor USA Funds will negotiate a repayment agreement.

Failure to pay the account in full or to agree to satisfactory repayment arrangements may result in additional collection efforts pursuant to federal regulation 34 CFR 682.410(b)(6)(ii). These efforts may include:

* Administrative garnishment of your wages;
* Pursuit of lawful collection means to collect the debt;
* Offset to your Federal and/or State income tax refunds or other payments made by the Federal Government to you;
* A civil lawsuit against you filed by the guarantor to compel repayment;
* Assignment of your loan(s) to the Secretary of the U.S. Department of Education who may file a lawsuit against you on behalf of the Federal Government;

You have certain legal rights in the collection of debts, and you may wish to contact counselors or lawyers regarding those rights.

**Notice of Administrative Review Period**

You have 60 days from the date of this letter to dispute the default status or legal enforceability of your loan(s) in accordance with federal regulation 34 CFR 682.410(b)(5)(vi)(G). If you wish to dispute the default status of your loan(s), you may:

1. Request an administrative review regarding the legal enforceability or default status of your loan(s).
2. Inspect and copy our records pertaining to your loan obligation;

You may request an administrative review challenging legal enforceability or default status on the grounds listed below. Evidence of the circumstances is requested.

* Your loan was not past due;
* The loan balance is incorrect; or
* You did not incur this debt.

An administrative review will not be granted for any of the following reasons:

* You failed to pay your lender;
* You were dissatisfied with the school you attended;
* You were unable to find employment in your field of study.

Administrative review requests and supporting evidence must be submitted in writing to:

Navient Post Claim Assistance MC E2142
PO Box 9460
Wilkes-Barre, PA 18773-9460.

Navient, on behalf of USA Funds, will send you a written explanation of the results of the review. If you disagree with the results, you may write to Navient and request a review by a U.S. Department of Education official. You have 30 days from the date of our review decision to make this written request. If you disagree with the decision from the U.S. Department of Education, you may request a judicial review of this decision.



EXHIBIT A

**Options to Resolve Your FFELP Loan Default include: Payment in full, Repayment Arrangements, Loan Rehabilitation and Loan Consolidation.**
Provided you commit to one of these options within 60 days of the date of this letter and you honor all of your commitments according to the terms of your agreement, you will be given an opportunity to avoid the assessment of collection charges and avoid the default status of this loan being reported to nationwide consumer reporting agencies by USA Funds. You may contact Internal Pm Location for assistance with any of these opportunities to resolve your default. Please ensure that you understand all of the terms of your commitments.

Payment in Full
You may pay your outstanding balance in full. Payment in full will mean you have no further obligations related to this loan. As the loan may continue to accrue interest over time, a payment in full may be a financially effective way to resolve your defaulted loan. Payment in full within 60 days of the date of this letter will prevent both the assessment of collection charges and notice of default reported to nationwide consumer reporting agencies by USA Funds. Payment in full after 60 days of the date of this letter may result in assessment of collection charges as part of the balance due and reporting of the default to the nationwide consumer reporting agencies.

Repayment Arrangements
If you are approved for a repayment arrangement and you make your first payment, and sign and return your written repayment arrangement **within 60 days of the date of this letter,** you may avoid collection charges and the default status of this loan being reported to nationwide consumer reporting agencies. **Please note:** If you fail to fully honor the terms of your repayment arrangement, or you seek to establish a repayment agreement after 60 days from the date of this letter, a portion of each payment received from you will be allocated to pay any collection charges that are assessed and the default status of this loan will be reported to nationwide consumer reporting agencies.

00019340 000091 000212 2/4 000000 3688823 433-440

Loan Rehabilitation
Loan rehabilitation is a repayment agreement that offers you the opportunity to resolve your loan default through a series of qualifying payments. If you enter into loan rehabilitation and make your first payment, and sign and return your written repayment agreement **within 60 days after the date of this letter,** you may avoid collection charges and avoid the default status of this loan being reported to nationwide consumer reporting agencies.
**Please note:** If you fail to fully honor the terms of your loan rehabilitation agreement, or you enter into loan rehabilitation after 60 days from the date of this letter, you will become responsible for collection charges assessed to your account and the default status of this loan will be reported to nationwide consumer reporting agencies.
**Also note:** When you have fulfilled your rehabilitation commitment, a lender may purchase your defaulted student loan(s), and the loan(s) will no longer be considered in default. You will have the opportunity to select new repayment terms based on your loan's good standing. USA Funds will delete any default record previously reported to the national consumer reporting agencies.
USA Funds will also notify your prior lender of your loan rehabilitation so your prior lender may delete its default from its credit history. However, delinquencies (late payments) reported prior to the date of your loan default will not be removed. Upon successful completion of loan rehabilitation, any collection charges assessed to your account will be capitalized (added to the total new principal balance of your loan) at a rate up to 16% of your outstanding principal and interest at the time your loan is purchased by an eligible lender.

To participate in the loan rehabilitation program, you must satisfy the loan rehabilitation requirements, including providing all necessary paperwork and making at least nine qualifying payments during a 10-month period. If you began loan rehabilitation before collection costs were assessed to your account, but you fail to fully honor your repayment agreement, collection costs will be assessed to your account. Loan rehabilitation is not complete until a new lender purchases your loan. USA Funds will make every effort to secure a lender for you, but purchasing rehabilitated loan(s) is at the discretion of the lender. If no lender is willing to purchase your loan(s), the US Department of Education will purchase your rehabilitated loans.

Loan Consolidation
You may consolidate all your FFELP loans, including any federal defaulted loan(s), into a new, single loan. Loan consolidation may simplify your loan repayment by requiring only one monthly payment, and may reduce your monthly loan payment amount by extending the repayment term. To consolidate your defaulted loans, you must either establish repayment arrangements and make three, on-time, consecutive, monthly payments prior to applying, or apply for consolidation and agree to repay your Direct Consolidation Loan under one of the following plans.

* Income Based Repayment Plan
* Pay As You Earn Repayment Plan
* Revised Pay As You Earn Repayment Plan
* Income Contingency Repayment Plan

Please note that if you consolidate your loans, USA Funds will not remove your loan's default from your credit report. Rather, when the loan is consolidated, the default notification will be updated to reflect a paid-in-full status for the original defaulted loan. Additionally, if collection costs have been assessed to your acccount, you will be charged collection costs at the rate of 18.5% of the outstanding principal and interest balance of your defaulted loan(s) at the time your loan(s) are consolidated. The U.S. Department of Education may add these costs to your outstanding loan principal amount.

Contact Information
If you have any questions about this notice you may contact Navient at the following address:

Navient Post Claim Assistance, MC E2142
PO Box 9460
Wilkes-Barre, PA 18773-9460

You may also call Navient's Post Claim Assistance department at (800) 331-2314. For detailed loan information, you may also visit USA Fund's website : loansolutions.usafunds.org

**This is an attempt to collect a debt and that any information obtained will be used for that purpose.**

DEFBRA26/DA26UFP 836 P: 4

USA FUNDS
C/O NAVIENT POST CLAIM ASSISTANCE MC E2142
P.O. BOX 9460
WILKES-BARRE, PA 18773-9460

USAFunds

MICHAEL E MARKS
[redacted]

00019340 000091 000213 3/4 000000 3688823 433-440

## PRIVACY POLICY NOTICE

Your privacy is very important to USA Funds, so that is why we are committed to protecting the privacy and security of the personal and financial information you share with us. You have trusted us with this information and we will honor that trust by handling your information responsibly. Please read the following Privacy Policy statement. It explains how we safeguard and use the information you have given us.

USA Funds' Philosophy on Privacy Protection:

* *Security of your confidential information is a top priority.*

One of USA Funds' top priorities is information security. We regularly review our security standards and procedures to help us protect against anyone gaining unauthorized access to your confidential information, including through the Internet. We authorize employees to access your personal information only if they need to do so to perform their job responsibilities, such as ensuring the accurate posting of payments or ensuring our systems correctly reflect your account information. The employees of USA Funds as well as our contracted vendors are trained on understanding your privacy concerns and protecting your confidential information.

* *Privacy is a shared responsibility.*

You trusted us to manage your confidential information in a responsible manner. At the same time, there are things you can do to help protect your personal and financial information. Always protect your account number, any PINs, any passwords, and other kinds of customer access information. Never disclose your confidential information to an unknown caller. Know what information is contained on your credit bureau report and review that information regularly. Never open e-mails from unknown sources. Understand the choices you have about the ways in which your personal information is used.

* *Responsible information sharing is a good thing.*

Our business is to serve you. To accomplish this, we contract with other companies and organizations to perform certain services and processes for us. Information you have given us must be shared with our contracted vendors. We manage your information to fulfill your requests, deliver products and services, administer and update accounts, reduce fraud and other risks, and to comply with state and federal laws and regulations. We also use the information you have given us to maintain accurate account information and provide efficient customer service.

USA Funds' Policy Statement:

* *The information we collect.*

Our policy applies to all personally identifiable financial information about you that is obtained when you complete an application and promissory note for an educational loan guaranteed by USA Funds. USA Funds may also receive personally identifiable information about you from your lender, your school, other guarantors, the U.S. Department of Education, other departments of State and Federal government and their agents as indicated in the terms of your educational loan promissory note. In addition, we may also obtain personally identifiable information about you from sources such as credit reporting agencies (commonly called credit bureaus) when you apply for credit on specific loans and when we review and monitor accounts for collection. And, if you send us personal correspondence, such as e-mails or letters, we may collect such information into a file specific to you.

When you visit our website (Internet), we may collect transaction, site navigation, customer contacts and optional survey information. In addition, we may use software tools or "cookies" to gather information about site visitors' browsing activities. A "cookie" is information sent from a website to a visitor's hard drive while he or she is visiting the site. It may enable the site holder to track how a visitor navigates through the site and the areas in which they show interest. Information gathered may include date and time of the visits, pages viewed, time spent on the site, and the site visited just before and after the site. However, we only identify the site visitor if he or she voluntarily gives USA Funds personally identifiable information online.

* *The information we share.*

*... with an affiliate.*

USA Funds is a guarantor of educational loans and is affiliated with Northwest Education Loan Association and Education@Work, LLC. Affiliates of USA Funds may change from time to time due to acquisitions and divestitures. In an effort to fulfill our mission of supporting access to education, we may share your personally identifiable information with our affiliates as permitted by federal law, specifically the Gramm-Leach-Bliley Act of 1999.

*... with other companies.*

To improve efficiency with which we provide you service, USA Funds has contracted with other companies and organizations to perform various business operations or provide services on our behalf. These various contracted vendors are not affiliated with USA Funds. As part of these business relationships, USA Funds will share your personal and financial information with these contracted vendors to process, service, administer and enforce a transaction. The sharing of your personally identifiable information in this instance is either required or permitted by federal law. We require these contracted vendors comply with strict standards of security and confidentiality, and they are not permitted to release, use or transfer any personal information to any other party for their own use. USA Funds also requires these various contracted vendors to maintain controls to protect your privacy including physical, electronic and procedural safeguards that comply with federal regulations.



EXHIBIT A

*... in general.*

USA Funds does not sell customer lists or individual customer information. USA Funds will, however, exchange personal information about you with your lender, your school, other guarantors and the U.S. Department of Education and other departments of State and Federal government as permitted by state and federal law and regulations. USA Funds will also exchange certain personally identifiable information about you with selected credit reporting agencies, when it is legally required, such as in response to a subpoena and to prevent fraud or to comply with a legally permitted inquiry by a government agency or regulator.

* *Choices on how we use your information.*

USA Funds' does not disclose personally identifiable information about you to any other company or organization that is not affiliated with USA Funds except as permitted by federal law, specifically the Gramm-Leach-Bliley Act of 1999. The confidentiality of your personally identifiable information will continue to be maintained consistent with this policy notice even if your account is paid-in-full or discharged, your account becomes inactive, or when you otherwise cease to do business with us.

USA Funds will share your personally identifiable financial information with companies and other organizations that are not affiliated with USA Funds as necessary to process, service, administer and enforce a transaction you have requested. The sharing of your personally identifiable information in this instance is either required or permitted by federal law. For your protection, we require that these companies and other organizations keep your personally identifiable information secure and confidential. Because we already limit the sharing of your personally identifiable information as outlined above, no action is necessary on your part to limit such sharing.

00019340 000091 000214 4/4 000000 3688823 433-440

* *Our Security.*

USA Funds has implemented standards of technology and operational security to protect your personally identifiable information from loss, misuse, alteration or destruction. Information that is collected for processing or as a USA Funds record is transmitted directly to a secure internal database server, and information stored there is not accessible to unauthorized parties via the Internet or other means. Only authorized personnel whose job responsibilities require it are provided access to your personally identifiable information. USA Funds employees and contracted vendors are required to comply with our security, privacy and confidentiality standards and practices. USA Funds also audits our contracted vendors for compliance with our security, privacy and confidentiality standards and practices.

Other Important Privacy Information:

* *Third Party Sites.*

Please remember USA Funds' Privacy Policy applies only to USA Funds and our website. It does not apply to websites that may be linked to or from our site or any other company or organization.

**Visit our website at loansolutions.usafunds.org for loan detail information.**

DEFBRA28/DA28UFP 836 P: 3

EXHIBIT A

# EXHIBIT "C"

NAVIENT

P.O. BOX 9500
WILKES-BARRE, PA 18773-9500

(888) 272-5543

CXPROG01-016042 00019570 002060 002060 1/1 000000 4214070 4131-4132

MICHAEL E MARKS
[redacted]

Account Number: [redacted]

Dear MICHAEL E MARKS:

04/22/16

**You have a new *information eligible* contact**

As you requested, we have added the person listed below to your account as *information eligible*, which means this person will now have access to your loan information, such as your balance, loan status, monthly payment amount, and due date, by phone and/or in writing upon request.

Van Horn Law Group

**What to expect next**
This person will need to have enough information when contacting us to enable us to identify your account, which could include your name and account number. You'll also need to provide this person with your security information, such as your date of birth and address, in order for us to share any account information.

If at any time you would like to remove this person from your account, please contact us by email or at the phone number below.

**We're here to help**
Visit us online at Navient.com or call us at 888-272-5543, Monday – Thursday 8 a.m. to 9 p.m., and Friday 8 a.m. to 8 p.m., ET.

Sincerely,

Navient Customer Service

**Loan Information**
The loans listed below are the loans referred to in this letter. *If you have questions or concerns about your account, write to us at the address provided above.*

| LOAN DATE | ORIGINAL LOAN AMOUNT | OUTSTANDING PRINCIPAL | INTEREST RATE | LOAN PROGRAM |
|---|---|---|---|---|
| * 05/06/94 | $ 21,350.93 | $ 90,355.55 | 9.000 | SM |